RICHARD E. MCCARTHY [SBN 106050]
rmccarthy@swsslaw.com
ELIZABETH A. MITCHELL [SBN 204853]
emitchell@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

RANDY PAPETTI [*Pro Hac Vice* Pending]
rpapetti@lrlaw.com
EMILY S. CATES [*Pro Hac Vice* Pending]
ecates@lrlaw.com
LEWIS AND ROCA LLP
40 North Central Avenue
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5757
Facsimile: (602) 734-3947

Attorneys for Defendant ESTATE OF LEROY F. KOCHERT AND SHARON H. KOCHERT

FILED
08 JAN 30 PM 12:35
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: PM DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICHOLE BURGAN,<br>Plaintiff,<br>v.<br>ESTATE OF LEROY F. KOCHERT AND SHARON H. KOCHERT and DOES 1 to 25,<br>Defendants. | CASE NO. '08 CV 0185 JAH LSP<br>**NOTICE OF REMOVAL**<br>State Court Complaint<br>Filed: December 6, 2007 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Estate Of Leroy F. Kochert and Sharon H. Kochert ("the Estate") hereby removes to this Court the state court action described below.

1. On December 6, 2008, Nichole Burgan ("Plaintiff") commenced an action in the Superior Court of the County of San Diego, entitled *Nichole Burgan v. Estate of Leroy F.*

*Kochert and Sharon H. Kochert and DOES 1 to 25*, as Case Number 37-2008-00079854-CU-PO-NC (the "State Action").

2. The Plaintiff served the Estate with a copy of the Summons and Complaint on December 31, 2007. A copy of the Complaint and all process, pleadings and orders that have been served as of the time of this filing are attached to this Notice of Removal as Exhibit A in accordance with 28 U.S.C. § 1446(a).

3. This Court has original diversity jurisdiction over all claims set forth in the Complaint pursuant to 28 U.S.C. § 1332(a)(1) because:

a. Plaintiff, as an individual residing in Carlsbad, California, is a citizen of the State of California. See Exhibit to Declaration of Nichole Burgan as Successor in Interest dated November 21, 2007 ("Burgan Decl.").

b. The Estate is a citizen of State of Arizona, the State that the decedents resided in at their death and where a probate is currently pending. See Burgan Decl., 1:25-27; 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent...").

c. The amount in controversy exceeds $75,000 because this is a wrongful death action by the only surviving child of her mother. See Complaint, ¶ 10(f); Burgan Decl., 1:21:23.

4. This Notice of Removal is timely as it is filed within thirty (30) days after receipt of a copy of the Complaint by the Estate in accordance with 28 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(d), the Estate will, promptly after the filling of this Notice of Removal, give written notice of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of San Diego.

6. The State Action is not one which is described in 28 U.S.C. § 1445.

7. By filing this Notice of Removal, the Estate does not waive its right to object to venue or otherwise assert any and all defenses available to it, all of which the Estate expressly reserves.

WHEREFORE, the Estate hereby removes the State Action to this honorable Court.

DATED: January 30, 2008

SOLOMON WARD SEIDENWURM & SMITH, LLP

By: [signature]

RICHARD E. MCCARTHY
ELIZABETH A. MITCHELL
Attorneys for Defendant ESTATE OF LEROY F. KOCHERT AND SHARON H. KOCHERT

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Solomon Ward Seidenwurm & Smith, LLP, 401 B Street, Suite 1200, San Diego, California 92101.

On January 30, 2008, I served a copy, including all exhibits, if any, of the following document(s):

**NOTICE OF REMOVAL**

**CIVIL COVER SHEET**

on the parties in this action listed in the attached Proof of Service List, which is incorporated herein by this reference, by the following means:

☒ **(BY MAIL)** I caused each such envelope to be sealed and placed for collection and mailing from my business address. I am readily familiar with the practice of Solomon Ward Seidenwurm & Smith, LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business mail is deposited with the postage thereon fully prepaid in the United States Postal Service the same day as it is placed for collection. I am aware that upon motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY PERSONAL SERVICE)** I caused each such envelope to be sealed and given to a courier authorized by our attorney service to receive documents for delivery on the same date. A proof of service signed by the authorized courier will be filed forthwith.

☐ **(BY FEDERAL EXPRESS)** I am readily familiar with the practice of Solomon Ward Seidenwurm & Smith, LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐ **(BY FACSIMILE)** This document was transmitted by facsimile transmission from (619) 231-4755 and the transmission was reported as complete and without error. I then caused the transmitting facsimile machine to properly issue a transmission report, a copy of which is attached to this affidavit.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of this bar of this court, at whose direction this service was made.

Executed on January 30, 2008, at San Diego, California.

Sonja Wicker (signature)

Sonja Wicker

## PROOF OF SERVICE LIST

Randall L. Winet, Esq.
Winet Patrick & Weaver
440 S. Melrose Drive
Vista, CA 92081

Tel: (760) 758-4261
Fax: (760) 758-6420

Attorneys for Plaintiff NICHOLE BURGAN

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2007 DEC -6 [illegible]

10:24 am
12/31/07
by [illegible]

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Estate of Leroy F. Kochert and Sharon H. Kochert and DOES 1 to 25

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Nichole Burgan, Individually and as Successor in Interest to Sharon H. Kochert

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
County of San Diego, North County Branch
325 S. Melrose Drive
Vista, CA 92081

CASE NUMBER:
*(Número del Caso):* 37-2007-00079854-CU-PO-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Randall L. Winet (760)758-4261 (760)758-6420
WINET, PATRICK & WEAVER
440 S. Melrose Drive
Vista, CA 92081

DATE: DEC 0 6 2007 Clerk, by C. Terriquez, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Randall L. Winet, State Bar No. 116384
Winet, Patrick & Weaver
440 S. Melrose Drive
Vista, CA 92081

TELEPHONE NO: (760)758-4261 FAX NO. (Optional): (760)758-6420
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Nichole Burgan

FOR COURT USE ONLY

2007 DEC -5 [illegible]

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 Melrose Drive
MAILING ADDRESS: Vista, CA 92081
CITY AND ZIP CODE:
BRANCH NAME: North County

PLAINTIFF: Nichole Burgan

DEFENDANT: Estate of Leroy F. Kochert and Sharon H. Kochert

[X] DOES 1 TO 25

COMPLAINT—Personal Injury, Property Damage, Wrongful Death

[ ] AMENDED (Number):

Type (check all that apply):

[ ] MOTOR VEHICLE
[ ] Property Damage
[ ] Personal Injury

[X] OTHER (specify):
[X] Wrongful Death
[ ] Other Damages (specify):

Jurisdiction (check all that apply):

[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER:

37-2007-00079854-CU-PO-NC

1. Plaintiff (name or names): Nichole Burgan

alleges causes of action against defendant (name or names): Estate of Leroy F. Kochert and Sharon H. Kochert

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult

a. [ ] except plaintiff (name):
(1) [ ] a corporation qualified to do business in California
(2) [ ] an unincorporated entity (describe):
(3) [ ] a public entity (describe):
(4) [ ] a minor [ ] an adult
(a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
(b) [ ] other (specify):
(5) [ ] other (specify):

b. [ ] except plaintiff (name):
(1) [ ] a corporation qualified to do business in California
(2) [ ] an unincorporated entity (describe):
(3) [ ] a public entity (describe):
(4) [ ] a minor [ ] an adult
(a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
(b) [ ] other (specify):
(5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

PLD-PI-001

| SHORT TITLE: Nichole Burgan v. Estate of Leroy and Sharon Kochert | CASE NUMBER: |
|---|---|

4. [ ] Plaintiff *(name)*:
is doing business under the fictitious name *(specify)*:

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
a. [X] except defendant *(name)*: Estate of Leroy F. and Sharon H. Kochert
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe)*:
(4) [ ] a public entity *(describe)*:
(5) [X] other *(specify)*: an Estate

b. [ ] except defendant *(name)*:
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe)*:
(4) [ ] a public entity *(describe)*:
(5) [ ] other *(specify)*:

c. [ ] except defendant *(name)*:
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe)*:
(4) [ ] a public entity *(describe)*:
(5) [ ] other *(specify)*:

d. [ ] except defendant *(name)*:
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe)*:
(4) [ ] a public entity *(describe)*:
(5) [ ] other *(specify)*:

[ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
a. [ ] Doe defendants *(specify Doe numbers)*: ____________ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
b. [ ] Doe defendants *(specify Doe numbers)*: ____________ are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
a. [ ] at least one defendant now resides in its jurisdictional area.
b. [ ] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. [X] injury to person or damage to personal property occurred in its jurisdictional area.
d. [ ] other *(specify)*:

9. [ ] Plaintiff is required to comply with a claims statute, and
a. [ ] has complied with applicable claims statutes, or
b. [ ] is excused from complying because *(specify)*:

PLD-PI-001

| SHORT TITLE: Nichole Burgan v. Estate of Leroy and Sharon Kochert | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
    - a. [ ] Motor Vehicle
    - b. [X] General Negligence
    - c. [ ] Intentional Tort
    - d. [ ] Products Liability
    - e. [ ] Premises Liability
    - f. [X] Other *(specify)*: Wrongful death

11. Plaintiff has suffered
    - a. [ ] wage loss
    - b. [ ] loss of use of property
    - c. [ ] hospital and medical expenses
    - d. [X] general damage
    - e. [ ] property damage
    - f. [ ] loss of earning capacity
    - g. [X] other damage *(specify)*: Loss of care, companionship, comfort, affection, society, solice and moral support.

12. [X] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    - a. [ ] listed in Attachment 12.
    - b. [X] as follows:

      Plaintiff is the daughter and proper wrongful death heir of Sharon H. Kochert.

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    - a. (1) [X] compensatory damages
    - (2) [ ] punitive damages

    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
    - (1) [X] according to proof
    - (2) [ ] in the amount of: $

15. [ ] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: November 21, 2007

Randall L. Winet
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

| PETITIONER/PLAINTIFF: Nichole Burgan v. Estate of Kochert<br>RESPONDENT/DEFENDANT: | CASE NUMBER: |
|---|---|

FIRST CAUSE OF ACTION - Wrongful Death
Against All Defendants

Page 4

ATTACHMENT TO COMPLAINT

Plaintiff Nichole Burgan alleges that Defendants are liable for the wrongful death of Sharon H. Kochert based upon the facts and circumstances set forth below:

On April 29, 2007 at approximately 9:46 a.m., Sharon H. Kochert and Alexandria L. Meekcoms were passengers on a plane flown by Sharon's husband, Leroy F. Kochert. The plane was a Cessna 182 Q, registration #N97287.

The flight departed Palomar Airport with a planned destination of Phoenix, Arizona. Leroy F. Kochert negligently and carelessly maintained and piloted the airplane on the morning of April 29, 2007, causing the airplane to crash into the Pacific Ocean. As a direct result of Leroy F. Kochert's conduct, he, Sharon Kochert and her daughter Alexandria Meekcoms died.

Pursuant to California law, an airplane crash does not normally occur in the absence of negligence, the airplane was within the exclusive ownership and control of Leroy F. Kochert, Leroy F. Kochert was negligent in his operation of the airplane, and Sharon H. Kochert did not contribute to her own demise. As such, the Doctrine of Res Ispa Loquitur applies pursuant to the California Supreme Court Case of <u>Newing v. Cheatham</u> (1975) 15 Cal.3d 351.

As a result of the death of Sharon H. Kochert, Plaintiff Nichole Burgan has suffered a loss of love, care, companionship, comfort, affection, solace, society, and moral support from her deceased mother. In addition, Plaintiff has incurred and will continue to incur expenses to reclaim the property of her mother which was lost and/or destroyed as a result of the airplane crash.

PLD-PI-001(2)

| SHORT TITLE: Nichole Burgan v. Estate of Kochert | CASE NUMBER: |
|---|---|

SECOND (number) **CAUSE OF ACTION—General Negligence** Page 5

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Nichole Burgan

alleges that defendant *(name)*: Estate of Leroy F. Kochert and Sharon H. Kochert and

[X] Does 1 to 25

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: April 29, 2007
at *(place)*:

*(description of reasons for liability)*:

Plaintiff Nichole Burgan alleges that Defendants are liable for general negligence resulting in the death of Sharon H. Kochert based upon the facts and circumstances set forth below:

On April 29, 2007 at approximately 9:46 a.m., Sharon H. Kochert and Alexandria L. Meekcoms, were passengers on a plane flown by Sharon's husband, Leroy F. Kochert. The plane was a Cessna 182 Q, registration #N97287.

The flight departed Palomar Airport with a planned destination of Phoenix, Arizona. Leroy F. Kochert negligently and carelessly maintained and piloted the airplane on the morning of April 29, 2007, causing the airplane to crash into the Pacific Ocean. As a direct result of Leroy F. Kochert's conduct, he, Sharon Kochert and her daughter Alexandria Meekcoms died.

Pursuant to California law, an airplane crash does not normally occur in the absence of negligence, the airplane was within the exclusive ownership and control of Leroy F. Kochert, Leroy F. Kochert was negligent in his operation of the airplane, and Sharon H. Kochert did not contribute to her own demise. As such, the Doctrine of Res Ispa Loquitur applies pursuant to the California Supreme Court Case of Newing v. Cheatham (1975) 15 Cal.3d 351.

As a result of the death of Sharon H. Kochert, Plaintiff Nichole Burgan has suffered a loss of love, care, companionship, comfort, affection, solace, society, and moral support from her deceased mother. In addition, Plaintiff has incurred and will continue to incur expenses to reclaim the property of her mother which was lost and/or destroyed as a result of the airplane crash.

FILED
2007 DEC -6 PM 3:51

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, NORTH COUNTY BRANCH

Nichole Burgan, Individually and as Successor In Interest to Sharon H. Kochert,

Plaintiff,

vs.

Estate of Leroy F. Kochert and Sharon Kochert and DOES 1 to 25,

Defendants.

CASE NO.: 37-2007-00079854-CU-PO-NC
ACTION DATE:

**DECLARATION OF NICHOLE BURGAN AS SUCCESSOR IN INTEREST**

I, Nichole Burgan, declare as follows:

I am over the age of 21 years of age and make this Declaration based upon my own personal knowledge. If called as a witness, I would and could testify to the matters stated herein.

I am the daughter of Sharon Hope Kochert, who was born on December 11, 1947, in Detroit, Michigan. Sharon Hope Kochert passed away as a result of being a passenger on an airplane that crashed into the Pacific Ocean on April 29, 2007. I am the only surviving child of Sharon Hope Kochert.

No proceeding is now pending in the State of California for Administration of Sharon Hope Kochert's Estate. However, a separate proceeding has been filed in the State of Arizona, County of Maricopa for the Administration of the Estate of Leroy F. Kochert and Sharon Hope Kochert. The case number for that action is PB 2007-001737.

As Sharon Hope Kochert's only surviving child, I qualify as her Successor in Interest as defined in

Section 377.11 of the California Code of Civil Procedure and succeed to Sharon Hope Kochert's interest in the action of proceeding. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

In addition to making a wrongful death claim for the loss of my mother, I am also seeking the recovery of the value of her property that was lost or destroyed at the time of the airplane crash.

A certified copy of Sharon Hope Kochert's Death Certificate is attached as Exhibit "A".

I declare under the penalty of perjury and under the laws of the State of California that the foregoing is true and correct. Executed this 21st day of November, 2007 at Vista, California.

Nichole Burgan

NICHOLE BURGAN

CERTIFICATION OF VITAL RECORD

# COUNTY OF SAN DIEGO

CERTIFICATE OF DEATH

3200737008827

| | | |
|---|---|---|
| SHARON | HOPE | KOCHERT |
| | 12/11/1947 | 59 | F |
| MI | 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 | NO | MARRIED | 04/29/2007 PND | 1029 |
| HS GRADUATE | NO | CAUCASIAN |
| TRAVEL AGENT | COMMERCIAL AIRLINE CO | 10 |
| 13826 S. 41ST. PLACE | | |
| PHOENIX | MARICOPA | 85044 | 20 | CA |
| NICHOLE BURGAN, DAUGHTER | 6446 KINGLET WAY, CARLSBAD, CA 92011 | |
| CARL | | DALTON | UNK |
| VIRGINIA | ALENE | SMITH | KY |
| 05/02/2007 | AT SEA OFF THE COAST OF WHIT SUNDAY'S ISLANDS NEW S. WHALES, AUSTRALIA | |
| CR/TR/SEA | NOT EMBALMED | |
| BAYVIEW CREMATION & BURIAL | FD1661 | WILMA WOOTEN, MD | 05/02/2007 |
| FOUND ADRIFT OCEAN | | |
| SAN DIEGO | N 33 06 04 W 117 23 04 | CARLSBAD |

MULTISYSTEM BLUNT FORCE INJURIES — RAPID

NONE

NO

Manner of death: Accident

04/29/2007 — 0948

OCEAN

PASSENGER, PRIVATE ARICRAFT, CRASHED INTO OCEAN

N 33 06 04 W 117 23 04, CARLSBAD, CA 92009

| | | |
|---|---|---|
| GLENN WAGNER | 05/01/2007 | GLENN WAGNER, DO, CME |

*A017495556*

County of San Diego - Department of Health Services - 3851 Rosecrans Street. This is to certify that, if bearing the OFFICIAL SEAL OF THE STATE OF CALIFORNIA, the OFFICIAL SEAL OF SAN DIEGO COUNTY AND THEIR DEPARTMENT OF HEALTH SERVICES EMBOSSED SEAL, this is a true copy of the ORIGINAL DOCUMENT FILED. Required fee paid.

DATE ISSUED: May 4, 2007

WILMA J. WOOTEN, M.D.
REGISTRAR OF VITAL RECORDS
County of San Diego

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar

3

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 325 S. Melrose
MAILING ADDRESS: 325 S. Melrose
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County
TELEPHONE NUMBER: (760) 806-6347

PLAINTIFF(S) / PETITIONER(S): Nichole Burgan

DEFENDANT(S) / RESPONDENT(S): Estate of Leroy F. Kochert and Sharon H. Kochert

BURGAN VS. ESTATE OF LEROY F. KOCHERT AND SHARON H. KOCHERT

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2007-00079854-CU-PO-NC |
|---|---|

Judge: Michael B. Orfield

Department: N-28

**COMPLAINT/PETITION FILED: 12/06/2007**

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2007-00079854-CU-PO-NC CASE TITLE: Burgan vs. Estate of Leroy F. Kochert and Sharon H. Kochei

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (760) 726-4900.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S. Melrose | |
| MAILING ADDRESS: 325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME: North County | |
| PLAINTIFF(S): Nichole Burgan | |
| DEFENDANT(S): Estate of Leroy F. Kochert and Sharon H. Kochert | |
| SHORT TITLE: BURGAN VS. ESTATE OF LEROY F. KOCHERT AND SHARON H. KOCHERT | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221)** | CASE NUMBER: 37-2007-00079854-CU-PO-NC |

Judge: Michael B. Orfield Department: N-28

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- ☐ Court-Referred Mediation Program
- ☐ Private Neutral Evaluation
- ☐ Private Mini-Trial
- ☐ Private Summary Jury Trial
- ☐ Private Settlement Conference with Private Neutral
- ☐ Court-Ordered Nonbinding Arbitration
- ☐ Court-Ordered Binding Arbitration (Stipulated)
- ☐ Private Reference to General Referee
- ☐ Private Reference to Judge
- ☐ Private Binding Arbitration
- ☐ Other (specify): ______________________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) ______________________________

______________________________

______________________________

Alternate: (mediation & arbitration only) ______________________________

Date: ______________________________ Date: ______________________________

______________________________ ______________________________

Name of Plaintiff Name of Defendant

______________________________ ______________________________

Signature Signature

______________________________ ______________________________

Name of Plaintiff's Attorney Name of Defendant's Attorney

______________________________ ______________________________

Signature Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 12/06/2007 ______________________________
JUDGE OF THE SUPERIOR COURT

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
NICHOLE BURGAN, Individually and as Successor in Interest to Sharon H. Kochert

**DEFENDANTS**
Estate of Leroy F. Kochert and Sharon H. Kochert and Does 1 to 25

FILED
'08 CV 0185 JAH LSP
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Diego County CA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Maricopa County AZ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Randall L. Winet
Winet Patrick & Weaver
440 S. Melrose Drive
Vista, CA 92081
(760) 758-4261

ATTORNEYS (IF KNOWN)
Elizabeth A. Mitchell [SBN 204853]
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, CA 92101
619-231-0303

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated *and* Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

18 U.S.C. § 1332; wrongful death action by a citizen of this State against a citizen of another State where amount in controversy exceeds $75,000

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- [X] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Medical Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (13958)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reappointment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motion to Vacate Sentence

HABEAS CORPUS:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Conditions

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** over $75,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE ____________ Docket Number ____________

DATE
January 30, 2008

SIGNATURE OF ATTORNEY OF RECORD
Elizabeth A Mitchell

PAID $350 1/30/08 BH RCPT # 147000

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 147000 - BH
* * C O P Y * *
January 30, 2008
14:32:12

Civ Fil Non-Pris
USAO #.: 08CV0185 CIVIL FILING
Judge..: JOHN A HOUSTON
Amount.: $350.00 CK
Check#.: BC# 65028

Total-> $350.00

FROM: BURGAN V. KOCHERT ET AL
CIVIL FILING