RICHARD E. MCCARTHY [SBN 106050]
rmccarthy@swsslaw.com
ELIZABETH A. MITCHELL [SBN 204853]
emitchell@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

RANDY PAPETTI *[Pro Hac Vice]*
rpapetti@lrlaw.com
EMILY S. CATES *[Pro Hac Vice]*
ecates@lrlaw.com
LEWIS AND ROCA LLP
40 North Central Avenue
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5757
Facsimile: (602) 734-3947

Attorneys for Defendant ESTATE OF LEROY F. KOCHERT AND SHARON H. KOCHERT

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICHOLE BURGAN,<br><br>Plaintiff,<br><br>v.<br><br>ESTATE OF LEROY F. KOCHERT AND SHARON H. KOCHERT and DOES 1 to 25,<br><br>Defendants. | CASE NO. 08CV0185 JAH (POR)<br><br>**DEFENDANT ESTATE OF LEROY F. KOCHERT AND SHARON H. KOCHERT'S ANSWER TO COMPLAINT FOR WRONGFUL DEATH**<br><br>State Court Complaint<br>Filed: December 6, 2007 |

Defendant Estate of Leroy F. Kochert and Sharon H. Kochert ("Defendant"), severing itself from all other defendants, answers Plaintiff Nichole Burgan's ("Plaintiff") Complaint ("Complaint") and alleges as follows:

For the Complaint's allegations that Defendant denies below "for lack of information or belief," Defendant has no information or belief upon the subject sufficient to enable it to answer those allegations and denies them on that ground. Each numbered paragraph of this

Answer, not including the affirmative defenses, corresponds to the same numbered paragraph in the Complaint.

**RESPONSE TO GENERAL ALLEGATIONS**

1. Defendant admits the allegations set forth in paragraph 1 of the Complaint.

2. Defendant admits the allegations set forth in paragraph 2 of the Complaint.

3. On information and belief, Defendant admits the allegations set forth in paragraph 3 of the Complaint.

5(a). Defendant admits the allegations set forth in paragraph 5(a) of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint and denies them all on that ground.

8. Defendant lacks knowledge or information sufficient to form a belief as to whether the plane crashed within California's jurisdictional waters. Defendant denies all the allegations set forth in paragraph 8 of the Complaint and denies that Plaintiff suffered any injury or damage whatsoever.

10. Defendant incorporates by reference its responses below to all Plaintiff's claims as though set forth in full here.

11. Defendant denies all the allegations set forth in paragraph 11 of the Complaint and denies that Plaintiff suffered any injury or damage whatsoever.

12. Defendant admits the allegations set forth in paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to whether the plane crashed within California's jurisdictional waters. Defendant denies all the allegations set forth in paragraph 13 of the Complaint.

**RESPONSE TO "FIRST CAUSE OF ACTION"**

**(Wrongful Death Against All Defendants)**

On information and belief, Defendant admits that on April 29, 2007, at approximately 9:46 a.m., Sharon H. Kochert and Alexandria L. Meekcoms were passengers on a plane flown by Sharon's husband, Leroy F. Kochert. On information and belief,

Defendant admits that the plane was a Cessna 182 Q, registration #N97287.

On information and belief, Defendant admits that the flight departed Palomar Airport with a planned destination of Phoenix, Arizona.

On information and belief, Defendant admits that Sharon Kochert and her daughter Alexandria Meekcoms died when the airplane crashed into the Pacific Ocean.

Except as expressly admitted, Defendant denies all the remaining allegations set forth in Plaintiff's "First Cause of Action," p.4 of the Complaint.

**RESPONSE TO "SECOND CAUSE OF ACTION"**

**(General Negligence)**

On information and belief, Defendant admits that on April 29, 2007, at approximately 9:46 a.m., Sharon H. Kochert and Alexandria L. Meekcoms were passengers on a plane flown by Sharon's husband, Leroy F. Kochert. On information and belief, Defendant admits that the plane was a Cessna 182 Q, registration #N97287.

On information and belief, Defendant admits that the flight departed Palomar Airport with a planned destination of Phoenix, Arizona.

On information and belief, Defendant admits that Sharon Kochert and her daughter Alexandria Meekcoms died when the airplane crashed into the Pacific Ocean.

Except as expressly admitted, Defendant denies all the remaining allegations set forth in Plaintiff's "Second Cause of Action," p.5 of the Complaint.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following separate defenses to the claims for relief set forth in the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1. The Complaint fails to state a claim on which relief may be granted.

/ / /

/ / /

/ / /

**SECOND AFFIRMATIVE DEFENSE**

(Assumption of the Risk)

2. Defendant alleges that Plaintiff is barred from any recovery herein, or any recovery herein must be reduced, because Plaintiff or decedent voluntarily encountered and fully appreciated the risks inherent in the conduct complained of and in Plaintiff's or decedent's own conduct, and voluntarily assumed such known risks, which were the sole cause of any injuries or damages allegedly sustained by Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

(Apportionment of Fault)

3. Defendant is not legally responsible for the damages complained of by Plaintiff in her Complaint. But if Defendant is found to be legally responsible, then Defendant alleges on information and belief that its responsibility is not the sole and proximate cause of the damages alleged by Plaintiff, and that the damages awarded to Plaintiff, if any, should be apportioned according to the respective fault and legal responsibility of other parties, including, but not limited to, decedent, Plaintiff, and any other person who may be found liable.

**FOURTH AFFIRMATIVE DEFENSE**

(Comparative Fault: Third Parties)

4. Defendant alleges on information and belief that all events and happenings alleged in the Complaint and the resulting injuries and damages, if any, were proximately caused by the negligent, wrongful and tortious conduct of other or unknown third parties. Therefore, any recovery received by Plaintiff in this matter should be barred or, in the alternative, diminished in an amount that is in direct proportion to the extent of comparative fault of the other or unknown third parties.

**FIFTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

5. Defendant alleges on information and belief that Plaintiff's alleged damages, if any, were wholly or partly contributed to and proximately caused by the conduct and

activities of decedent, Plaintiff or others, including their negligence and carelessness. Therefore, Plaintiff's recovery, if any, should be diminished proportionately or completely to the extent that Plaintiff's loss, if any, is attributable to decedent's or Plaintiff's own negligence or other fault, or to the negligence or fault of others.

**SIXTH AFFIRMATIVE DEFENSE**

(*Forum Nonconveniens*)

6. Defendant alleges that this is an inconvenient forum and venue should be transferred to a more convenient forum.

**SEVENTH AFFIRMATIVE DEFENSE**

(Right to Amend Answer)

7. Defendant reserves its right to amend this Answer to allege additional affirmative defenses.

**PRAYER**

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by virtue of the Complaint;
2. For costs of suit incurred in this action; and
3. For such other and further relief as the Court deems just and proper.

DATED: February 6, 2008 SOLOMON WARD SEIDENWURM & SMITH, LLP

By: */s/ Elizabeth A.Mitchell*
RICHARD E. MCCARTHY
ELIZABETH A. MITCHELL
Attorneys for Defendant ESTATE OF LEROY F. KOCHERT AND SHARON H. KOCHERT

**CERTIFICATE OF SERVICE**

I caused DEFENDANT ESTATE OF LEROY F. KOCHERT AND SHARON H. KOCHERT'S ANSWER TO COMPLAINT FOR WRONGFUL DEATH to be served in the following manner:

Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

Randall L. Winet, Esq.
rwinet@wpwlaw.com
Attorneys for Plaintiff

Emily S. Cates
ecates@lrlaw.com
Attorneys for Defendant

Manual Notice List

The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing).

Randy Papetti
Lewis & Roca LLP
40 North Central Avenue
Phoenix, AZ 85004

*/s/ Elizabeth A. Mitchell*
Elizabeth A. Mitchell